UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-CV-23903-MARRA

GENERAL LENDING
CORPORATION,

    Appellant,
vs.

MELISSA CANCIO and
JESUS CANCIO
_____/

## OPINION & ORDER AFFIRMING THE DECISION OF THE BANKRUPTCY COURT

Appellant General Lending Corporation ("Appellant" or "GLC") filed this bankruptcy appeal challenging the order by Hon. Robert A. Mark, in Bankruptcy Case No. 10–20820-BKC-RAM, conditionally granting Jesus Cancio and Melissa Cancio's ("Debtors") Motion to Reopen and Reinstate Case, and the resulting Order Granting Motion to Vacate Dismissal and Reinstating Case. Specifically, Appellant asserts that the bankruptcy court erred when it reinstated the Debtors' Chapter 13 Case because the "excusable neglect" proffered was legally insufficient under Fed. R. Civ. P. 60(b)(1). The parties have fully briefed the issues. For the reasons that follow, the Court shall affirm all appealed orders of the bankruptcy court.

## Jurisdiction

District courts have jurisdiction to review appeals from final bankruptcy court judgments, orders and decrees. 28 U.S.C. § 158(a). Section 158(a)(3) also authorizes a district court to grant leave to appeal an interlocutory order from a bankruptcy

court, but requires a party to obtain leave prior to proceeding.  To appeal a bankruptcy court's interlocutory order, a party must file a notice of appeal, accompanied by a motion for leave to appeal.  *See* Fed. R. Bankr. P. 8001(b).  Even if a motion for leave to appeal is not filed, but a notice of appeal is timely filed, "the district court ... may grant leave to appeal or direct that a motion for leave to appeal be filed...." Fed. R. Bankr. P. 8003(c).  Whether to grant or deny leave to appeal is within the sound discretion of the district court.  *Chrysler Financial Corp. v. Powe*, 312 F.3d 1241, 1245 (11th Cir. 2002) ("§ 1292(b) requirements need not be satisfied when an interlocutory appeal is taken from the bankruptcy court to the district court").

The Bankruptcy Court's Order Conditionally Granting Debtors' Motion to Reopen and Reinstate Case is an interlocutory order.  *Hampton v. U.S. Dept. of Housing and Urban Development*, 203 B.R. 750, 753 (M.D. Fla. 1996).  In this case, Appellant filed a timely notice of appeal but did not move for leave to appeal.  In accordance with Fed. R. Bankr. P. 8003(c), the Court considers GLC's timely notice of appeal as a motion for leave to appeal.  *See, In re Laurent*, 149 Fed. Appx. 833, 836-837, 2005 WL 2012725, *4 (11th Cir. 2005).  Accordingly, the Court exercises its discretion to grant leave to appeal.

**Standard of Review**

Bankruptcy Courts are governed by the Federal Rules of Bankruptcy Procedure. On appeal, Fed. R. Bankr. P 8013 states that a district court shall review the factual

findings of a bankruptcy court for clear error.  Fed. R. Bankr. P. 8013.  The District Court reviews *de novo* the conclusions of law of the bankruptcy court and application of the law to the particular facts of the case.  See *In re JLJ Inc.*, 988 F.2d 1112, 1116 (11th Cir. 1993).  The abuse-of-discretion standard is applicable to a court's determination as to the existence of excusable neglect for late filing.  *In re Alabama Protein Recycling, L.L.C.*, 210 Fed. Appx. 876, 877 (11th Cir. 2006) ("We review the district court's 'excusable neglect' determination for abuse of discretion.")  Under this standard, a bankruptcy court's decision will not be disturbed upon appeal unless the appellate court has a definite and firm conviction that the bankruptcy court made a clear error of judgment or exceeded the bounds of permissible choice under the circumstances.

**Facts Below**

Mr. And Mrs. Cancio filed for relief under Chapter 13 of the Bankruptcy Code on April 23, 2010.  Rather than file all required schedules and supporting documents, Debtors began the case with the filing of only the petition and a list of creditors.  The Bankruptcy Court issued a Notice of Deficiency providing the Debtors with notice that the remaining schedules and other required documents were due to be filed by May 7, 2010.  The Debtors were warned by the Notice of Deficiency that if all documents identified in the Notice of Deficiency were not filed by May 7, 2010, the case would be dismissed without further notice.  The Debtors moved and were granted several extensions within which to file the remaining schedules and supporting documents up

to and including June 11, 2010.  Debtors timely filed all required documents on the June 11, 2010 deadline except for a one page form entitled Chapter 13 Plan. Because of this omission, GLC moved to dismiss the case.  The Bankruptcy Court issued an Order Dismissing Case with prejudice on June 16, 2010.

On July 27, 2010, Debtors moved to reopen and reinstate the case, which motion was opposed by GLC.  On August 19, 2010, the bankruptcy court heard argument on the motion and concluded, "[a]fter considering the record, including the Motion and Objection, and considering the arguments of counsel for the Debtors and General Lending, the Court announced its ruling granting the Motion subject to payment of reasonable attorneys fees incurred by General Lending after the case was dismissed." *See* Order Conditionally Granting Debtors' Motion to Reopen and Reinstate Case at 1-2.  The Court conditioned the reinstatement of Debtors' Chapter 13 case upon the timely payment of $1,800.00 in fees and costs to GLC.  *Id*. at 2.

## Discussion

GLC argues that the bankruptcy court erred in conditionally granting the motion to reopen because it did not hold an evidentiary hearing, and did not therefore make any findings of fact.[1]  GLC posits that the bankruptcy court erred by relying on proffers made by Appellees' counsel regarding excusable neglect because

---

[1] With no findings of fact to review, GLC argues, the appropriate standard of review converts to *de novo*.  No case law is presented for this proposition, however, and this argument is rejected by the Court.

no legal or factual basis was given for the extraordinary relief of reinstating a dismissed Chapter 13 Case with prejudice after the appeal period had expired.

Under 11 U.S.C. § 350(b), "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." Moreover,

> when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion ... on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Fed. R. Bankr. P. 9006(b)(1).

"Excusable neglect is generally an 'equitable inquiry' based upon the particular circumstances of the case." *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1355 (11th Cir. 2009) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 389 (1993)).[2] Whether Appellee's neglect was excusable is a fact-based issue entrusted to the bankruptcy judge's broad discretion.  In exercising its equitable powers, the bankruptcy court accepted the representations made by counsel regarding why the Plan was not timely filed and crafted relief that it deemed was fair to both the Debtors and the objecting creditor.

---

[2] In *Pioneer*, the Court held that an attorney's inadvertent failure to timely file a proof of claim can constitute excusable neglect under Bankruptcy Rule 9006(b)(1). Looking to other rules for guidance on the meaning of "excusable neglect," the Court considered Rule 60(b)(1) and observed that "for purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Id.* at 394.

The bankruptcy court conditioned reinstatement on the payment of all fees incurred by GLC during the hiatus between the dismissal of the bankruptcy case and its reinstatement. The fees were required as a condition of the reinstatement and despite the request by counsel for the Debtors that their portion of the fees be paid over time, the bankruptcy court conditioned reinstatement on immediate payment of all fees to GLC. Upon certification of payment of the fees, the Chapter 13 Case was reinstated.

The bankruptcy court judge accepted Appellees' explanation as sufficient justification for finding the late filing excusable. This Court concludes that it was within the bankruptcy court's discretion to rely upon a proffer as opposed to requiring sworn testimony. The Debtors' counsel is an officer of the court, and deference should be given to the bankruptcy judge who is the trier of fact on the issue of excusable neglect, whether in an evidentiary hearing or not. The bankruptcy judge had the opportunity to observe the performance of the attorneys during the course of the bankruptcy proceedings, and was able to weigh the equities versus the harm of basically granting a default to the creditor. In light of the foregoing, it is hereby

ORDERED AND ADJUDGED that all appealed Orders of the Bankruptcy Court are AFFIRMED.  This case is CLOSED.  All pending motions are DENIED as moot.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 22nd day of September, 2011.

                                                KENNETH A. MARRA
                                                United States District Judge

copies to:
All counsel of record